UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MARCUS L WILLIS,**

   Plaintiff,

v.   No. 4:24-cv-0778-P

**OFFICER DIAZ DE LEON, ET AL.,**

   Defendants.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On May 19, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 37. The FCR recommended the Court grant Defendants' Motion to Dismiss (ECF No. 33). *Id.* at 1. Plaintiff filed an Objection to the FCR on May 19, 2025. ECF No. 38. The Court accordingly conducted a *de novo* review of the FCR as to the parts Plaintiff objected to and a plain error review of the rest.

As detailed below, the Court will **ADOPT** the reasoning in the Magistrate Judge's FCR (ECF No. 37) and **OVERRULE** Plaintiff's Objections (ECF No. 38).

### BACKGROUND

Plaintiff Marcus L. Willis ("Willis") filed his original complaint on August 15, 2024. ECF No. 1. Plaintiff has twice amended his complaint, and his Second Amended Complaint (ECF No. 30) serves as the active pleading in this matter. In Willis's Second Amended Complaint, he raises five causes of action against Officer Diaz De Leon ("Officer De Leon"), Chief Jeff Williams ("Chief Williams"), and the City of Bedford ("Bedford") (collectively, "Defendants"). ECF No. 30. Willis's five causes of action are: (1) a claim, pursuant to 42 U.S.C. § 1983,4 against Officer De Leon for violating Plaintiff's right to be free from unreasonable

searches and seizures under the Fourth Amendment of the United States Constitution; (2) a claim, pursuant to 42 U.S.C. § 1983, against Officer De Leon for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment; (3) a claim, pursuant to 42 U.S.C. § 1983, against Chief Williams, for failing to properly train and supervise his officers; (4) a claim, pursuant to 42 U.S.C. §1983, against Bedford for municipal liability; and (5) a claim under Texas law against Defendants for intentional discrimination.

Willis's claims arise out of a traffic stop that occurred on or April 19, 2022. Willis was stopped by Officer De Leon in Bedford, Texas, for driving without valid insurance. When Officer De Leon approached the vehicle he indicated that he smelled marijuana and accused Willis of possessing marijuana. Officer De Leon then conducted a search of Willis's vehicle, which produced no contraband. Officer De Leon ultimately issued Willis a citation for driving without insurance. Willis then filed a formal complaint against Officer De Leon with Chief Williams. Willis alleges that Chief Williams mocked his complaint and took no further action with regard to Officer De Leon. On March 4, 2025, Defendants filed a Motion to Dismiss. ECF No. 33. Willis wholly failed to respond to the Motion and on May 19, 2025, Magistrate Judge Jeffrey L. Cureton issued the FCR, recommending that Defendants' Motion be granted and all of Willis's claims be dismissed. ECF No. 37. On May 19, 2025, Willis filed specific objections to the FCR's findings with regard to his Fourth Amendment Claim, Equal Protection Claim, *Monell* Claim. ECF No. 38 at 1–2. Willis also specifically objects to the recommendation as premature and the Magistrate Judge's recommendation that the undersigned should deny leave to amend. *Id.* The Court will address each.

## LEGAL STANDARD

A Magistrate Judge's findings, conclusions, and recommendations for a dispositive matter are reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings in whole or in part. *Id.* The Court will not consider arguments raised for the first time in objections to the FCR. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir.

1992). Where no specific objections are filed, the Court reviews the Magistrate Judge's findings, conclusions, and recommendation only for plain error. *See Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). When specific objections are filed as to part of the of the Magistrate Judge's findings, conclusions, and recommendation, then the Court reviews those parts *de novo* and the rest for plain error.

## ANALYSIS OF OBJECTIONS

The Court will begin with the parts of the FCR that Willis did not object to before turning to the parts to which he filed specific objections.

### A. Plain Error

Willis did not specifically object to the FCR's findings and recommendations with regard to: (1) Willis's claims against Officer De Leon and Chief Williams in their official capacities (ECF No. 37 at 4–5); (2) Willis's claims regarding failure to properly train and supervise (*Id.* at 10–12); and (3) Willis's claim under Texas law for intentional discrimination (*Id.* at 13–24). Regarding these claims and issues the undersigned reviewed the FCR for plain error. Finding none, the undersigned believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

### B. *De Novo*

The Court now turns Willis's specific objections. As discussed above, Willis objected to the FCR's findings regarding his Fourth Amendment Claim, his Equal Protection Claim, his *Monell* Claim, and his request for leave to amend.[1] The Court will address each.

1. <u>Fourth Amendment Claim</u>

The United States Magistrate Judge thoroughly analyzed Willis's claim that Officer De Leon conducted an unlawful vehicle search in

---

[1] Plaintiff also objects to the timing of the FCR as Judge Cureton had ordered the Parties to submit a proposed scheduling order. Judge Cureton ruled on a Motion to Dismiss, on which Plaintiff's Response Deadline had long passed. This objection is not cognizable and, thus, will not be addressed herein.

3

violation of his Fourth Amendment Rights and concluded that Officer De Leon is entitled to qualified immunity on this claim because "Plaintiff has not alleged a statutory or constitutional violation." ECF No. 37 at 5–9. Plaintiff objected to the FCR's conclusion that "smelling marijuana alone justified the warrantless search and seizure" because the Magistrate Judge "misapplie[d] established precedent" that a prolonged "stop for unrelated investigation absent reasonable suspicion violates the Fourth Amendment," especially when no drugs are found. ECF No. 38 at 1.

The Fifth Circuit recently addressed a similar question in *Terrell v. Town of Woodworth*, No. 23-30510, 2024 WL 667690 (5th Cir. 2024), where a plaintiff alleged a violation of the Fourth Amendment because an officer chose to search the plaintiff's "vehicle based on his statement that he smelled the odor of marijuana coming from the car, since there was no marijuana ever found in the vehicle." *Id.* at *8. The Fifth Circuit, following well established precedent, concluded that the search and seizure was not unlawful because "an officer's detection of the odor of marijuana coming from a vehicle is sufficient to support probable cause to search the vehicle, regardless of whether marijuana is ever found." *Id.* at *9.

Applying that principle here, because Officer De Leon smelled marijuana, Officer De Leon's search of Willis's vehicle was lawful and supported by probable cause. Thus, the question then turns to whether the stop was unreasonably prolonged, as Willis claims in his objection. ECF No. 38 at 1. In his Second Amended Complaint, Willis alleges that after Officer De Leon conducted a search of the vehicle and found no drugs, Officer De Leon issued him a citation for driving without insurance (which was the basis for the stop) and concluded the stop. ECF No. 30 at 2. There are no specific allegations contained in the Second Amended Complaint, nor Willis's objection, that the stop was unreasonably prolonged. Therefore, the Court finds that Willis has failed to plead an unconstitutional search and seizure and, thus, Officer De Leon is entitled to qualified immunity on this claim. Accordingly, Willis's objection is **OVERRULED,** and the Court adopts the Findings

and Conclusions of the Magistrate Judge as the findings and conclusions of the Court.

    2. Equal Protection Claim

Willis alleges that the FCR is erroneous because the Magistrate Judge concluded that he had failed to plead specific facts of racial discrimination because he pled "that he was stopped solely for being a Black man, was immediately accused of smelling like marijuana, and was forcibly removed from the vehicle without legal basis." ECF No. 38 at 1. The following are the only allegations related to racial discrimination: (1) "Plaintiff alleges that De Leon's actions were racially motivated;" (2) Plaintiff reported "De Leon's unlawful search and racial profiling;" (3) "De Leon's stop and search were racially motivated;" and (4) "Defendant intentionally discriminated against Plaintiff based on race." ECF No. 30. The Fifth Circuit has instructed that courts are not to strain to find inferences favorable to the plaintiff and are not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *See R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). All of Willis's racial discrimination allegations are conclusory and lack specificity. The only specific facts that Willis has pled are that he was stopped for driving without insurance (making the stop proper) and that the vehicle was searched because Officer De Leon believed he smelled marijuana (making the search proper). ECF No. 30 at 2. Thus, Willis has failed to state his equal protection claim. Accordingly, Willis's objection is **OVERRULED,** and the Court adopts the Findings and Conclusions of the Magistrate Judge as the findings and conclusions of the Court.

    3. *Monell* Claim

Next, Willis objects to the FCR's analysis of his *Monell* Claim because the Magistrate Judge failed to consider a "Supplement to Joint Status Report Regarding Municipal Liability and Discovery Scope" (the "Supplement") when analyzing Defendants' Motion to Dismiss. ECF No. 38 at 2 (citing to ECF No. 36). Even assuming without deciding that the Magistrate Judge was required to consider the Supplement when ruling on Defendants' Motion—which he was not—there is nothing contained

therein which effects the analysis here. As stated in the FCR, "Plaintiff fails to plead specific facts, as opposed to conclusory allegations, to establish: (1) a municipal policy (2) attributable to the City's final policy-maker (3) which caused Plaintiff to be deprived of a (4) federal constitutional right." ECF No. 37 at 9. Willis's Supplement provides that Chief Williams obtained a job at a different police department subsequent to this lawsuit being filed. ECF No. 36. Plaintiff asserts that this furthers his *Monell* claim because "upon information and belief, no internal investigation was conducted into the allegations raised by Plaintiff, and no discipline was issued to Chief Williams" prior to his departure. *Id.* at 1. All of these allegations, taken as true, do not alleviate any of the above identified deficiencies in Plaintiff's *Monell* claim. Accordingly, Willis's objection is **OVERRULED,** and the Court adopts the Findings and Conclusions of the Magistrate Judge as the findings and conclusions of the Court.

    4. Leave to Amend

Willis's final objection is that the Magistrate Judge recommended that the undersigned deny him leave to amend. ECF No. 38 at 2. Specifically, Willis asserts that he should have been allowed to amend his pleading so that he could "address any pleading deficiencies." *Id.* Willis has had two opportunities to amend his complaint in this case. *See* ECF Nos. 9, 30. Willis's Second Amended Complaint was filed after Defendants filed a motion to dismiss. ECF Nos. 16, 30. Defendants' first motion to dismiss (ECF No. 16) raised the same arguments as the Motion at issue here (ECF No. 33). Consequently, Plaintiff has already had the opportunity to amend his complaint in response to the alleged pleading deficiencies. Therefore, the Court concludes that Plaintiff has pled his best case and that further amendment would be futile. *Dark v. Potter,* 293 F. App'x 254, 257 (5th Cir. 2008) ("While a precise definition of a plaintiff's 'best case' is elusive, this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint."). Accordingly, Willis's objection is **OVERRULED,** and the Court adopts the Findings and Conclusions of the Magistrate Judge as the findings and conclusions of the Court.

6

## CONCLUSION

Having conducted the appropriate review of the Motion to Dismiss, the Magistrate Judge's FCR, and Plaintiff's Objections, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR and **OVERRULES** Plaintiff's Objection. Therefore, it is **ORDERED** that Defendants' Motion be **GRANTED** and this case be **DISMISSED**.

**SO ORDERED** on this **22nd day of May 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE